IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JALYN RADZIMINSKI, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| NATIONAL DIVERSITY COUNCIL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Jalyn Radziminski ("Plaintiff"), through the undersigned counsel, files this Complaint for Damages ("Complaint") against National Diversity Council ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated, and actual damages, along with attorneys' fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4.

Defendant National Diversity Council is a nonprofit corporation organized under the laws of Texas. Defendant's principal office is located at 2401 Fountain View Drive, STE 420, Houston, TX 77057.

5.

The National Diversity Council operates in Georgia as the Georgia Diversity Counsel, where it employs at least 2 individuals, including Plaintiff.

6.

Because a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

7.

The Defendant may be served through its registered agent Dennis Kennedy at 2410 Netherwood Court, Pearland, Texas 77584.

### III.   Parties and Facts

8.

Plaintiff is a resident of the State of Georgia.

9.

Plaintiff began her employment with Defendant on July 23, 2018 as a Coordinator.  Plaintiff regularly performed her work for the Defendant in the metropolitan area of Atlanta, Georgia.

10.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was non-exempt work, specifically organizing, planning, and facilitating events, training, and professional development meetings, and designing, collecting, and analyzing event and program surveys.

11.

Plaintiff supervised no employees and exercised minimal discretion in the performance of her duties.

12.

Defendant is a nonprofit organization based in Texas and does business within the State of Georgia.

13.

Plaintiff was paid a fixed salary, without regard to the number of hours worked, without overtime compensation, calculated at one and one-half times her regular rate for the hours she worked in excess of 40 in any given workweek.

14.

Plaintiff regularly worked more than 40 hours in given workweeks and was not paid the overtime wage differential for the hours she worked in excess of 40 in workweeks.

15.

Plaintiff also earned periodic bonus payments for which the Defendant did not recalculate her regular rate of pay and failed to pay her the overtime differential for workweeks in which Plaintiff worked in excess of 40 hours.

16.

Plaintiff estimates that, during her employment, she typically worked between 45 and 50 hours per week. She estimates that she worked such overtime every week

in that time period, except possibly for two or three weeks in which she may have taken sick time or vacation time.

17.

Nevertheless, whether Plaintiff worked more than 40 hours or not in a given week, Defendant paid her the same salary. Defendant did not increase her pay or otherwise pay any overtime premium when Plaintiff worked more than 40 hours in any workweek.

18.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

19.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year, including in 2017 and 2018.

20.

From the beginning of Plaintiff's employment until October 16, 2018, Defendant misclassified Plaintiff as a contractor.

21.

After October 16, 2018 until April 2019, when Plaintiff's employment concluded, Defendant paid Plaintiff on a fixed-salary basis and failed to pay Plaintiff overtime compensation, as earned.

## Count I

## Violations of the Fair Labor Standards Act.

22.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

23.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 203(e).

24.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

25.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and 207.

26.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. § 207, on occasions that Plaintiff worked over forty (40) hours in a workweek, including for workweeks in which Plaintiff received a bonus payment.

27.

Defendant has violated the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

28.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

29.

Defendant knew or showed reckless disregard for the fact that its actions, policies, and/or omissions violated the FLSA.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, and reasonable attorneys' fees as provided by 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(C) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 31st day of January, 2020.

**BARRETT & FARAHANY**

*/s/ Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorneys for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
iesmith@justiceatwork.com